ORDER

Carolyn S. Downs and Stephen A. Downs, Tennessee residents proceeding pro se, appeal district court orders in this case brought under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, et seq.; the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692, et seq.; and the Equal Credit Opportunity Act (ECOA), 15 U.S.C. §§ 1691, et seq. In case No. 03-5259, the Downses appeal the order denying their motion to reconsider the grant of summary judgment to the defendants. In case No. 03-6055, they filed an amended notice of appeal from the order that denied their motion to reconsider an order that denied their request to allow documents into the record for appellate review. This case has been referred to a panel of the court pursuant to Rule 34(j)(l), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).
Seeking monetary relief, the Downses, husband and wife, sued CMH Homes, Inc., d/b/a Clayton Homes, Inc. (CMH); Vanderbilt Mortgage & Finance (VMF); and VMF employees Angela Heflin and David Barton. The Downses alleged that the *853 defendants violated the FCRA, the FDCPA, and the ECOA when they: (1) falsely reported to a credit bureau that the Downses were in bankruptcy and had made late payments on their mortgage; (2) caused false information to be generated on a monthly credit report; and (3) required Carolyn Downs to sign an installment contract even though Stephen Downs was credit worthy. After a period of discovery, the defendants filed motions to dismiss, and the Downses filed a motion in opposition, a motion to add Brandy Swaggerty as a defendant, and a motion for review. The district court denied the Downses’ motions and granted summary judgment to the defendants. See Fed. R.Civ.P. 12(b), 56(c). The court held that the defendants were not debt collectors for purposes of the FDCPA, that the Downses could not sue VMF as furnishers of information under the FCRA because they did not first file a dispute with a credit reporting agency, and that Stephen Downs was not in the class to be protected by the ECOA.
On appeal, the Downses argue that the district court erred by: (1) granting summary judgment to the defendants before the completion of discovery; (2) ignoring their motion for review; and (3) denying their motion to add Brandy Swaggerty as a defendant. The Downses have also filed several motions for miscellaneous relief.
This court reviews an order granting summary judgment de novo. Holloway v. Brush, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fed. R.Civ.P. 56(c).
Upon review, we conclude that the district court properly granted summary judgment to the defendants. The Downs-es purchased a mobile home from CMH and financed the purchase through an installment contract. CMH assigned the contract to VMF. After their Chapter 13 bankruptcy was discharged in 2001, the Downses attempted to refinance their loan at a more favorable interest rate. They discovered that their credit report showed late payments to VMF during the bankruptcy. The Downses contacted VMF to request that their credit information be corrected. Dissatisfied with the results, the Downses filed suit.
The district court properly held that the Downses could not sue the defendants under the FDCPA because none of the defendants was a debt collector as defined by statute. CMH was not a debt collector because it assigned the Downses’ installment note to VMF without collecting any payments. VMF was a creditor, not a debt collector, because the Downses were not in default when VMF acquired the note. See 15 U.S.C. § 1692a(6)(F)(iii); Wadlington v. Credit Acceptance Corp., 76 F.3d 103, 107 (6th Cir.1996). Finally, because VMF was not a debt collector, neither were its employees Heflin and Barton. Thus, the defendants were entitled to a judgment as a matter of law.
The district court also properly granted summary judgment to the defendants with respect to the Downses’ claim under the FCRA. Under the FCRA, those who furnish information to consumer reporting agencies have two obligations: (1) to provide accurate information; and (2) to undertake an investigation upon receipt of a notice of dispute regarding credit information that is furnished. See 15 U.S.C. § 1681s-2. If it is assumed that a private right of action exists under § 1681s-2(b), the plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit *854 information is disputed. Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 639-40 (5th Cir.2002). In this case, the Downses did not allege that they had filed a dispute with a credit reporting agency. Accordingly, they had no claim under the FCRA.
We also agree that the defendants were entitled to summary judgment on the Downses’ ECOA claim. The Downses alleged that the defendants violated the ECOA by refusing to issue credit to Stephen Downs unless Carolyn Downs also signed the installment note. The Downses did not establish a prima facie case of an ECOA violation because Stephen Downs is not a member of a protected class and he was not denied credit. See Mays v. Buckeye Rural Elec. Co-op., Inc., 277 F.3d 873, 876 (6th Cir.2002).
Finally, we conclude that the district court did not abuse its discretion when the court denied the Downses’ motion to reconsider the order denying their motion to supplement the record. The Downses’ request included both items from the district court record and documents that were not submitted to the district court before its summary judgment ruling. As the district court explained, the items from the record were sent to this court and the documents that were not in the record can not be considered by this court on appeal. See Fed. R.App. P. 10; Inland Bulk Transfer Co. v. Cummins Engine Co., 332 F.3d 1007, 1012 (6th Cir.2003).
We have considered the Downses’ arguments on appeal and conclude that they are without merit. For the foregoing reasons, we affirm the district court’s orders. Rule 34(j)(2)(C), Rules of the Sixth Circuit. All pending motions are denied.